[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to reargue post judgment, a decision of the court rendered after an evidentiary hearing on May 18, 1998. He asserts that a prior hearing was held before another judge on June 3, 1997, at which time child support was modified downward. He continues that since June 3, 1997, there has been no change in the defendant's employment status, no substantial change in circumstances, and there has been no deviation in child support within the fifteen (15%) percent amount specified in the modification statute pursuant to §46b-86(a). He concludes by saying the amount of child support set forth in the decision on the May 18, 1998 hearing deviates substantially from those child support guidelines. The court denied the motion for reargument without hearing.
At the May 18, 1998 hearing, the court was aware of a prior hearing on June 3, 1997. However, in the course of that proceeding, it became aware of certain highly significant facts which were found to have been concealed from the court in the 1997 hearing. Certain it is, that at the prior hearing, facts were found which were contradicted by the subsequent hearing. Because of the nondisclosure, the existence of assets and the availability of funds not disclosed at the prior hearing, this court did not consider itself bound by the factual determination of that prior hearing.
Indeed, because of the nondisclosure of those assets, the court entered its own finding and based its order of support thereon. In reviewing the motion to reargue, it becomes apparent that it would merely rehash evidence of the May 18, 1998 hearing, would add nothing in terms of significant evidence which might change the court's decision, and would prove to be a waste of CT Page 10087 time. The motion to reargue was, accordingly, denied.
Moraghan, J.